IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Nos. 00-20011-01-JWL |
| ) | 01-20038-01-JWL |
| NORBERTO CARDENAS-ACOSTA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## **MEMORANDUM AND ORDER**

On May 2, 2001, defendant Norberto Cardenas-Acosta was sentenced to a period of imprisonment of 87 months (case no. 00-20011). On June 25, 2001, defendant was sentenced on a separate offense to a period of imprisonment of 121 months, with the two sentences to run concurrently (case no. 01-20038). This matter comes before the Court on defendant's pro se Motion for Clarification of Sentence (Doc. # 112). Defendant argues that with respect to his 121-month sentence, the Bureau of Prisons has not given him credit for his period of pre-sentence incarceration beginning July 20, 2000, but instead computes his sentence from May 2, 2001. For the reasons set forth below, defendant's motion is denied.

First, as the Government points out, plaintiff must exhaust his administrative remedies with the Attorney General, who has initial discretion to credit a prison term with time spent in custody prior to commencement of a sentence, before he may seek

judicial review. *See United States v. Woods*, 888 F.2d 653, 654 (10th Cir. 1989). Defendant has not indicated that he has satisfied this condition. Therefore, defendant's motion is denied.

In addition, even if defendant had properly exhausted his administrative remedies, he would not be entitled to any relief. The Bureau of Prisons worksheet attached to defendant's motion indicates that although defendant's 121-month sentence has been "computed" from May 2, 2001, he is receiving "jail credit" on that sentence for the period from July 20, 2000, through May 1, 2001. Thus, it appears that defendant has in fact received the credit to which he believes he is entitled.[1]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's Motion for Clarification of Sentence (Doc. # 112) is **denied**.

---

[1] U.S.S.G. § 5G1.3(b), cited by defendant, is inapplicable. That section provides that if relevant conduct used to increase the offense level includes conduct for which a prison sentence has already been imposed, then (1) the Court shall adjust the sentence for time already served on the other sentence *if the Court determines that such credit will not be given by the Bureau of Prisons*, and (2) the sentences shall run concurrently. *See id.* In this case, it does not appear that the prior sentencing conduct was used as relevant conduct in the second sentencing; there was and is no basis to determine that the Bureau of Prisons will not give defendant the requested credit; and the sentences were ordered to run concurrently. Thus, section 5G1.3(b) has no effect here.

IT IS SO ORDERED.

Dated this 28th day of December, 2007, in Kansas City, Kansas.

                                                        s/ John W. Lungstrum  
                                                        John W. Lungstrum  
                                                        United States District Judge